EASTERN DIST.
*December*, 1840.

LAMBETH &
THOMPSON
*vs.*
RIVARDE ET AL.

---

LAMBETH & THOMPSON *vs.* RIVARDE ET AL.

It is no ground of defence by the acceptor of a bill, that the payee has written to him, stating it was lost, and not to pay it to any one but himself.

Where manifest justice requires it, the case will be remanded for a new trial.

This is an action against the acceptors of a bill of exchange, drawn at Alexandria, Louisiana, the 17th December, 1839, by William R. Brown, payable to the order of William H. Kitchen, sixty days after date.

The defendants admitted their acceptance of the draft sued on, but aver it was before endorsement ; that they have been informed since, by Kitchen the payee, that he never endorsed it, which was lost or mislaid ; and that if his name is endorsed

On it, it is a forgery, and directs them not to pay the draft. They pray that Kitchen be called in to defend, and that such proceedings be had therein as are legal, and that they be allowed their costs. They annex Kitchen's letters to their answer.

LAMBETH &
THOMPSON
vs.
RIVARDE ET AL.

The clerk's certificate, states the record contained all the " testimony adduced on the trial." But the judge certifies "that the evidence was not taken down by the clerk, and that the parties had not applied to him for a statement of facts." It seems the clerk made his certificate with an understanding that the parties had agreed on the evidence which was omitted to be furnished, and annexed to the record.

There was judgment for the plaintiffs and the defendants appealed.

*C. M. Jones,* for the plaintiff.

*Labarre,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendants are appellants from a judgment on their acceptance of a draft. They pleaded the general issue, and the defence was, that between their acceptance and the maturity of the draft, and on the day following its maturity they were informed by the payee that he had lost or mislaid it. He warned them not to pay the draft, as he had never endorsed it. They averred their readiness to pay if this matter was cleared up; praying that the payee might be cited in warranty, in order that if his allegation was not established, they might have judgment against him. This was refused; the plaintiff had judgment, and they appealed.

It is no ground of defence by the acceptor of a bill, that the payee has written to him, stating it was lost, and not to pay it to any one but himself.

The holder of a bill is not to be delayed in a suit against the acceptor, on the allegation of circumstances like those on which the defendants rely.

On the merits, the defendants having pleaded the general issue, the plaintiffs were bound to prove the endorsement of

EASTERN DIST.
December, 1840.

LAMBETH &
THOMPSON
vs.
RIVARDE ET AL.

the payee on the bill. Of this, there is not the least tittle of evidence in the record. The judgment therefore cannot be sustained.

We have often seen with great regret the extreme carelessness of clerks in the inferior courts, in making their certificates at the foot of the record. We have a most flagrant instance of it now before us. The clerk has certified that the record " *contains all the testimony adduced on the trial.*" No testimony was taken by commission. The Judge certifies "that the evidence in this case was not taken down by the clerk, and that the parties have not applied to him for a statement of facts ; " from which the conclusion naturally follows, that some evidence was given which might have been taken down by the clerk. From the declaration of the judge, that no application was made to him for a statement of facts, it may be implied, that if application had been made, he would have stated what evidence was given. This also results from the judgment he rendered in the case ; for the general issue admitting nothing but the signature of the acceptors, no judgment could have been given for the plaintiffs without proof that they had succeeded to the rights of the payee.

The clerks of courts cannot expect that we will remain much longer, idle spectators of such gross abuses.

We would be bound to non-suit the plaintiffs, but for the certificate of the clerk, which states that " the record contains all the testimony adduced on the trial." On inspection, however, we find that the record does not contain all the evidence ; which precludes an examination of the case upon the merits. But we think that, under the circumstances, justice requires that the cause should be remanded.

*Where manifest justice requires it, the case will be remanded for a new trial.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered and decreed, that this

cause be remanded for new proceedings according to law, the plaintiff and appellees paying the costs of the appeal.

NOTE: When the record for the Supreme Court, in this case was being made up, both the counsel were told that there was no statement of the evidence taken at the trial, and Mr. Labarre, the counsel for the defendants, stated that he and Mr. Jones, the counsel for the plaintiffs, would agree to a statement of what had been the evidence, which would be annexed to the record in the Supreme Court, and thus the record was sent to the Supreme Court without altering the clerks certificate. On the day of the trial, Mr. Labarre was absent on account of illness, and Mr. Jones had forgotten the agreement.

C. M. JONES, *for the plaintiffs*.
M. LABARRE, *for the defendants*.